UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CLAYTON and EPIFANIA ANDERSON,　　　　　　　　　　　　　　　　　No. 08-11136

　　　　　　　Debtor(s).
_____/

Memorandum on Motion to Abandon Health Care Facility
_____

　　　　Debtors Clayton and Epifania Anderson operate a small nursing home at their residence at 4760 Granada Drive, Santa Rosa, California. They filed their Chapter 7 petition on June 10, 2008. The Chapter 7 trustee, Jeffry Locke, has moved the court on an emergency basis for approval of his abandonment of the property and the business.

　　　　Locke's urgency is a result of his investigation into the debtors' affairs. The debtors scheduled the property as being worth considerably less than its encumbrances, and Locke has determined, after consultation with a real estate professional, that he cannot sell it for enough to realize any funds for the estate. There are no other apparent assets from which a bankruptcy estate can be created. The debtors' schedules indicate that they are not operating profitably. They are defendants in a wrongful death lawsuit arising out of their care of an elderly patient at a prior facility. Despite his efforts, Locke has been unable to establish that the debtors have either liability insurance or workers' compensation coverage. Seeing no possibility of creating a bankruptcy estate and fearing personal liability, Locke seeks leave to abandon pursuant to § 554(a) of the Bankruptcy Code. The U.S. Trustee objects, citing Locke's duties under § 704(a)(12).

1

Section 704(a)(12) provides that a Chapter 7 trustee shall:

> (12) use all reasonable and best efforts to transfer patients from a health care business that is in the process of being closed to an appropriate health care business that--
>
> (A) is in the vicinity of the health care business that is closing;
>
> (B) provides the patient with services that are substantially similar to those provided by the health care business that is in the process of being closed; and
>
> (C) maintains a reasonable quality of care.

The U.S. Trustee argues that because Locke has a continuing responsibility to the patients he may not abandon the facility, notwithstanding lack of funds to operate it and notwithstanding any possible personal liability. For the reasons stated below, the court finds that abandonment is permitted notwithstanding the trustee's continuing responsibility under § 704(a)(12).

The court first notes that there are no plans in effect to transfer any patients. It appears that for the near term the debtors are continuing to care for the patients; the court has just ordered an ombudsman pursuant to § 333 of the Code, and a full report will not be forthcoming for 60 days pursuant to § 333(b)(2). Even if such a transfer were necessary, however, abandonment would still be appropriate under the facts of this case.

Lock has clearly established that there are no assets in the estate. The issue then becomes whether "reasonable and best efforts" means that a trustee must dip into his or her personal funds in order to care for or transfer patients. The court finds that where there are any assets at all in a bankruptcy estate they must be devoted to the health and welfare of patients in a health care facility. However, in a case where there are no assets and no prospects for creating an estate, it is unreasonable to demand that a trustee care for patients out of his or her own pocket and "best efforts" does not include such a requirement.

The court agrees with the U.S. Trustee that cases dealing with abandonment of contaminated property are analogous and should be considered when determining if abandonment of a health care facility should be permitted. However, a review of those cases does not reveal any situation where a trustee in a barren estate has been barred from abandoning property or has been obligated to fund a cleanup personally. Availability of estate funds is always a consideration in determining if contaminated property may be abandoned. See, e.g.,

2

*Matter of MCI, Inc.,* 151 B.R. 103, 107-08 (E.D.Mich.1992).

    The U.S, Trustee assumes that approving abandonment abrogates the Trustee's duties under § 704(a)(12), but the court sees no reason to interpret this section and § 554 in such a manner. The ombudsman ordered by the court and named by the U.S. Trustee will report to the court as to the needs of the patients. If that includes their transfer Locke will still be charged with using reasonable and best efforts to effect the transfer, notwithstanding that he has abandoned the facility where they are being cared for. Such efforts will include the expenditure of estate funds, even if that means a reduced dividend to creditors. They will not, however, include extraordinary efforts such as expenditure of personal funds or exposure to personal liability.

    For the foregoing reasons, the court will grant Locke's motion. The order shall provide that, notwithstanding abandonment, if the court orders the patients transferred Locke will perform his statutory duties under § 704(a)(12). Such performance may include expenditure of whatever funds may be in the estate, but will not require expenditure of Locke's personal assets.

    Counsel for Locke shall submit an appropriate form of order.

Dated: June 23, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge